IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY WASHINGTON SR., | : | Civil No. 3:21-cv-1196 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| H. QUAY, WARDEN, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Tony Washington ("Washington") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his judgment and sentence entered in the United States District Court for the District of Maryland. (Doc. 1). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief)[1], and, for the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

### I. Background

On July 25, 2018, Washington was found guilty of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 860. *See United States v. Washington*, No. 1:16-CR-235 (D. Md.), Doc. 518. On

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. *See* R. GOVERNING § 2254 CASES R.1(b).

November 14, 2018, Washington was sentenced to a total term of imprisonment of 168 months, followed by supervised release for a term of eight years. *Id.*, Doc. 569.

On July 26, 2018, Washington filed consolidated motions for judgment of acquittal and for a new trial. (*Id.*, Doc. 512). On November 15, 2018, the district court denied the motions. (*Id.*, Doc. 568).

On December 4, 2018, Washington filed a notice of appeal. (*Id.*, Doc. 572). On August 9, 2019, the Fourth Circuit Court of Appeals found that the district court did not abuse its discretion and affirmed the district court's judgment. (*Id.*, Doc. 609).

Washington filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his underlying criminal conviction. (Doc. 1). He raises seven grounds for relief. (*Id.*). First, Washington contends that his arrest was invalid and alleges that there was no arrest warrant. (*Id.* at pp. 6, 8). Second, Washington challenges the validity of the indictment, asserting that it was not signed by a grand jury foreman and it failed to allege any basis for federal jurisdiction. (*Id.*). Third, Washington challenges the validity of the judgment and commitment order. (*Id.*). Fourth, Washington asserts actual innocence. (*Id.* at pp. 7, 9). Fifth, Washington contends that the prosecution failed to read the charges into the record during his pretrial proceedings. (*Id.* at pp. 9-10). Sixth, Washington asserts that the sentencing court failed to address his petition for writ of habeas corpus. (*Id.* at pp. 10-11). And, seventh, Washington contends that his trial attorney erroneously filed his direct appeal and his appellate attorney "intentionally sabotaged his direct appeal." (*Id.* at pp. 11-

12). For relief, Washington requests, *inter alia*, immediate release from custody. (*Id.* at p. 7).

## II. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

3

proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Importantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538.

Washington's claims fall within the purview of § 2255 because they challenge the validity of his conviction. It is clear that Washington has not filed a § 2255 motion in the District of Maryland. *See United States v. Washington*, No. 1:16-CR-235 (D. Md.); *see also* Doc. 1, p. 3. Washington's assumption that pursuing a § 2255 motion in the sentencing court would be futile does not show the inadequacy of that remedy. (*See* Doc. 2, pp. 5-6). As a general rule, attacks by federal convicts on the validity of the conviction and/or on the validity of the sentence, as imposed (in contrast to a challenge to the sentence as administered), are properly brought by a § 2255 motion in the federal district court where the federal prisoner was convicted and sentenced. *In re Nwanze*, 242 F.3d 521, 523 (3d Cir. 2001) (stating, "[O]rdinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and Washington fails to demonstrate that he falls within the §

4

2255 savings clause. If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Cradle*, 290 F.3d at 539. Hence, it is appropriate to dismiss the petition for lack of jurisdiction.

## III. Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Date: July 30, 2021